THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN M. NOWACKI, Defendant.

Matter of VICTORIA "X," a Witness, Respondent.

County Court, Erie County, January 8, 1943.

*Leo J. Hagerty, District Attorney (Maurice Frey* of counsel), for plaintiff.

*Samuel M. Fleischman* and *Benjamin Isenberg* for respondent.

WARD, J. This is a proceeding to adjudge in contempt one Victoria " X " (the name being fictitious), a witness, who was subpoenaed to testify before an Erie County Grand Jury, December, 1942, Term.

The witness allegedly refused, after being sworn, to answer certain legal and proper interrogatories. The grand jury appeared in open court, stating in substance that the witness was advised that she had been summoned to appear in an investigation being conducted by it concerning an averred abortion committed by the defendant upon her person on a certain date at the defendant's residence located in Erie county; that, after testifying under oath that she knew the defendant, she refused to say whether she saw him on said date or whether she was at his residence on that date; that, after having claimed her privilege against self-incrimination, she was informed of her rights under section 81-a of the Penal Law (L. 1942, ch. 791), but she still refused to answer upon advice of counsel until ordered to do so by the court.

Whereupon the court directed her to return to the grand jury room to make answer. Again, the witness, through her counsel, refused to answer and stipulated that it would be a wasted gesture to return to the grand jury room. The counsel respectfully stated that if the court found the witness in contempt, an appeal would be taken and, if affirmed, the witness would answer fully. The grand jury duly cited the witness for contempt.

Counsel for the witness contends that section 81-a of the Penal Law is not absolute and complete immunity to her since it does not protect her from conviction of the crime of abortion and it refers to a nonexistent section 80-a of the Penal Law. He further states that the witness is a married woman, and, while it does not appear from an examination of that portion of the minutes embodied in the presentment of the grand jury, he argues that it may appear from her answers that she became pregnant by a person other than her husband and, therefore, she may be subsequently charged with the crime of adultery and become the defendant in a civil action for absolute divorce.

Section 81-a of the Penal Law (L. 1942, ch. 791) provides: " A female who has violated section eighty-a of this article or who has committed an attempt to violate such section shall not be

excused from attending and testifying or producing any evidence, documentary or otherwise, in any investigation or trial relating to violations of sections eighty, eighty-one, eighty-two, ten hundred and fifty, or eleven hundred and forty-two of this chapter, or an attempt to commit any such violation, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of her, may tend to convict her of a crime or to subject her to a penalty or forfeiture; but no such female shall be prosecuted or subjected to any such penalty or forfeiture for or on account of any transaction, matter or thing concerning which she is compelled, after having claimed her privilege against self-incrimination, to testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against her upon any criminal investigation, proceeding or trial.''

The history of this particular section of the law has not been considered in any reported case by the courts since its effective date, slightly over three months ago, September 1, 1942. Nevertheless, the Legislature has amended many other similar provisions granting immunity to witnesses, and the courts have crystallized the constitutional tests of sufficiency to be applied here.

The organic law of the State and the United States, in their respective Bills of Rights, provides that no person '' shall be compelled in any criminal case to be a witness against himself.'' (N. Y. Const. art. I, § 6; U. S. Const. 5th Amendt.) Although the Bill of Rights of the Federal Constitution is not binding upon this State, nonetheless, opinions of the Supreme Court of the United States merit our attentive scrutiny. (*People* v. *Defore,* 242 N. Y. 13.)

Over one half a century ago, on February 11, 1893, the Congress enacted a statute (27 U. S. Stat. 443) that apparently is the parent of the one now being tested (Penal Law, § 81-a, L. 1942, ch. 791), which provides: '' No person shall be excused from attending and testifying or from producing books, papers, tariffs, contracts, agreements and documents before the Interstate Commerce Commission, or in obedience to the subpoena of the Commission, * * * on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before said

Commission, or in obedience to its subpoena, or the subpoena of either of them, or in any such case or proceeding.'' The United States Supreme Court held this statute to be virtually an act of general amnesty, granting absolute immunity to witnesses from criminal prosecution in Federal or State courts. (*Brown* v. *Walker,* 161 U. S. 591.) The Court of Appeals of this State has adopted the Federal rule. (*People* v. *Forbes,* 143 N. Y. 219; *People* v. *O'Brien,* 176 N. Y. 253, overruling its earlier decision in *People* v. *Kelly,* 24 N. Y. 74.)

'' The immunity is not adequate if it does no more than assure him that the testimony coming from his lips will not be read in evidence against him upon a criminal prosecution. The clues thereby developed may still supply the links whereby a chain of guilt can be forged from the testimony of others. To force disclosure from unwilling lips, the immunity must be so broad that the risk of prosecution is ended altogether.'' (*Matter of Doyle,* 257 N. Y. 244, 251, CARDOZO, Ch. J.)

The Law Revision Commission of New York reported that: '' Various of the older statutes having to do with immunity of witnesses from prosecution in matters concerning which they have been compelled to give evidence fail to meet the constitutional tests laid down by the Court of Appeals in *People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253 (1903). The purpose of this bill is to make these statutes conform to constitutional standards.'' (1938 Leg. Doc. 65A; 1938 Report, Recommendations and Studies, pp. 473–480.) Whereupon the New York Legislature enacted chapter 108 of the Laws of 1938, affecting nineteen sections of various statutes of the State. A detailed evaluation of these new amendments, or of the other numerous statutes upon the subject, could add little of value to this case.

Section 81-a of the Penal Law embodies all the safeguards of chapter 108 of the Laws of 1938, and thus is constitutional. '' Varied phraseology should not lead to subtle distinctions in meaning when the essential purpose is the same. Grammar should yield to legal intention.'' (*Matter of Doyle, supra,* POUND, J., dissenting in part.)

A similar provision found in section 359 of article 23-A of the General Business Law (added by L. 1921, ch. 649, as amd.), sometimes known as the '' Martin Law '' and the '' Blue Sky Law,'' was upheld by the Court of Appeals, even though such State statutes do not preclude the use of testimony in criminal proceedings which might be instituted by the Federal government. (*Dunham* v. *Ottinger,* 243 N. Y. 423, 438.)

It follows that the immunity of the witness in this case from any criminal investigation, proceeding or trial is absolute and complete. The reference in section 81-a of the Penal Law to a nonexistent section " 80-a " (*People ex rel. Furman* v. *Clute,* 50 N. Y. 451) and the possibility of a divorce proceeding by her husband because of her adultery do not delimit her absolute and complete immunity from criminal prosecution, in this State, for this alone the New York Constitution guarantees.

Article 6 (entitled Abortion) of the Penal Law contains four sections numbered 80, 81, 81-a and 82. Although section 81-a refers to section " 80-a," it obviously means section 81. Such a trivial error is easily detected and should not change the effectiveness of a privilege intended to be granted to witnesses otherwise protected by section 81-a.

Therefore, the witness, Victoria " X," is adjudged to be in contempt. Prepare and submit judgment accordingly.